The Honorable Mike Everett State Senator 412 Broadway Marked Tree, Arkansas 72365
Dear Senator Everett:
This is in response to your request for an opinion concerning an effort by the City of Palestine to build a city park. Specifically, you indicate that the City has received a grant from the Arkansas Department of Parks and Tourism to build the park, and that the City also has collected private donations for this purpose, and intends to use at least some City funds for the purpose. The City proposes to place all of these funds in one account in a bank, but you note that questions have arisen as to whether the grant moneys, private donations, and city funds may be commingled into one account. Your question is whether the law prohibits the commingling of these funds.
Although the development of additional facts would be necessary to come to a definitive answer to your question, I have found no general statute of Arkansas prohibiting the commingling of these funds. Depending upon the facts, however, there may be specific statutes or even local ordinances which would prohibit this action.
I assume that the Arkansas Department of Parks and Tourism has or intends to give the City grant funds from the "Parks and Tourism Outdoor Recreation Grants Fund" under the authority of A.C.A. § 19-5-1051(b).See also A.C.A. § 15-12-103(b)(2). Nothing in these statutes addresses the handling of the grant funds by the recipients, but it would be advisable to contact the Arkansas Department of Parks and Tourism to determine whether there are any regulations in this regard.
I assume further that the City of Palestine has not created a "parks commission" to undertake the building and maintenance of the park. Seegenerally, A.C.A. §§ 14-269-101 to -112 and A.C.A. §§ 14-269-201 to -206. No such commission is mentioned in your request. If the City does opt to create such a commission, there is one provision of law which would be relevant to your request and which would require that these funds be placed in a "park fund." The statute prohibits the commingling of park funds with other funds of the City. Section 14-269-205(b) (1987) provides that:
 (b)(1) All funds derived from the use of the recreational park shall be segregated into a park fund, which fund shall be used exclusively in the operation of the recreational park by the commissioners.
 (2) Moneys in the fund shall not be mingled with other funds of the city and shall be handled exclusively by the commissioners. [Emphasis added.]
Thus, if the City opts to create a "park commission" under A.C.A. §§14-269-201- to 206, there is some support that the park funds should not be mingled with other funds of the City. The statute above, however, seems only to address "funds derived from the use of the . . . park." It may be argued whether grant funds, private donations, and city funds would fall within the language of the statute, but in my opinion if a park commission has been created, it has the authority to "build" the park and have full and complete charge thereof (A.C.A. § 14-269-203(c)). It would appear, therefore, if a park commission has been created, that the grant moneys, private donations, and city funds should be placed in the park fund to be expended by the commissioners and not commingled with other funds held by the City which are not dedicated for park purposes.
If, however, the City of Palestine has not opted to create a parks commission, and does not plan to do so, I have found no general prohibitive provision against the grant funds, private donations and city funds being commingled into one city account, assuming, of course, compliance with all other laws governing the deposit and expenditure of city funds. It should be noted, however, that the particular nature of the city funds at issue may bear upon the manner of their deposit and whether they may be commingled. For example, tax dollars levied for particular purposes may require segregation. Absent any such considerations, however, or any particular City ordinances governing the deposit or segregation of City funds, I have found no general provision of law prohibiting their commingling.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh